.                                          .

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ZACHARIAH J. VITALE,

     Petitioner,   3:11-cv-1189-TC

     v.       FINDINGS AND
            RECOMMENDATION
JOPHN KROGER,

    Respondent.

COFFIN, Magistrate Judge.

  Petitioner is in the legal custody of the Oregon
Department of Corrections[1] pursuant to a judgment dated March
7, 2008, from the Malheur County Circuit Court after
convictions for Burglary in the First Degree, Kidnapping in
the Second Degree, and Robbery in the Second Degree. Exhibit
101.   Following a guilty plea, the court sentenced

---

[1]Petitioner is presently in the physical custody of the Idaho
Department of Corrections.

1 - FINDINGS AND RECOMMENDATION

petitionerto a total of 180 months of imprisonment. Id.

Petitioner did not directly appeal his convictions.

Petitioner filed a petition for post-conviction relief, but the Malheur County Circuit Court denied relief. Exhibit 120. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 121-125.

Petitioner filed a Petition for habeas corpus relief under 28 U.S.C. § 2254 alleging five grounds for relief as follows:

**Ground One**: Ineffective assistance of councel (sic).
**Supporting Facts**: Lawyer didn't properly inform me that the state had no factual basis for a Kidnap II charge; Oregon vs. Wolleat, 111 P.3d 1131, 338 Or. 469.

**Ground Two**: Prosecutorial Misconduct
**Supporting Facts**: The D.A. had insufficient basis for a Kidnap II charge.

**Ground Three**: Prosecutorial Misconduct.
**Supporting Facts**: The D.A. let the victim and the victim's family become a party to the plea agreement; Oregon vs. McDonnell, 794 P.2d 780, 310 Or. 98.

**Ground Four**: Ineffective assistance of councel (sic)
**Supporting fats**: By not objecting to consecutive sentences.

**Ground Five:** Invalid guilty plea.
**Supporting Facts**: It took Oregon A.G. over 18 months to uphold the plea bargain and return me to I.D.O.C. custody. The deal was to be returned before sentencing and be sentenced over the phone. Att. Mark Mahoney tricked me into withdrawing this claim during the post-conviction telephone hearing.

Petition (#1) p. 2-5.[2]

Respondent argues that relief on petitioner's claims should be denied because petitioner's claims "are either procedurally defaulted or were denied by the PCR trial court in decisions entitled to deference." Response (#27) p. 1.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a

_____

[2]Petitioner subsequently filed an Amended Petition which merely added Oregon Attorney General John Kroger as a respondent. Amended Petition (#13).

3 - FINDINGS AND RECOMMENDATION

procedural context in which the claims' merits will be
considered.    Castille v. Peoples, 489 U.S. 346, 351-52
(1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984;
Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert.
denied, 489 U.S. 1059 (1989).

        Stated otherwise, each claim raised in a habeas petition
must have been given one complete round of the state's
appellate review process. O'Sullivan v. Boerckel, supra at
844-845, and the state courts must have had a full and fair
opportunity to respond to any federal claim asserted by the
petitioner. Keeney v. Tamayo-Reyes, supra at 10.

        If a petitioner has failed to present a federal
constitutional claim to the state's highest court (i.e., has
failed to exhaust state remedies) and can no longer do so
because of a procedural bar, that claim is procedurally
defaulted.    Boerckel, 526 U.S. at 848, citing Coleman v.
Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has
procedurally defaulted a claim, federal habeas corpus review
is barred unless the petitioner can demonstrate: (1) cause
for the procedural default, and (2) actual prejudice from the
failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000),
Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433
U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986);
Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S.538, 559 (1998).

Petitioner alleges in Ground Two that the prosecutor committed misconduct because there was insufficient basis to support a kidnapping charge. This claim presents the same underlying issue as Ground One, that petitioner's attorney was ineffective because he did not "properly inform (petitioner) that the state had no factual basis for the Kidnap II charge."

Petitioner raised this issue in his petition for post-

5 - FINDINGS AND RECOMMENDATION

conviction relief only as an ineffective assistance of counsel claim Exhibit 105 p. 4. In his PCR appeal, petitioner raised the claim in his Section B *Balfour* brief both as an ineffective assistance claim and a prosecutorial misconduct claim. Exhibit 121, Assignments of Error 6 and 7.

Section B of petitioner's *Balfour* Brief was incorporated by reference in petitioner's Petition for review by the Oregon Supreme Court. Exhibit 123 p. 1.

A post-conviction petitioner cannot obtain relief on a ground not pled: "All grounds for relief claimed by a petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition ***." ORS 138.550(3). *See*, Pinnell v. Palmateer, 200 Or App 303, 114 P.3d 515 (2005), *rev den* 340 Or 483. 135 P3d 318 (2006) ("the allegations in a post-conviction petition limit the issues before the court, and any claim that a petitioner fails to include in the original or amended petition is waived.") *See also*, Bowen v. Johnson, 166 Or App 89, 92-93, 999 P.2d 1159, *rev den* 330 Or. 553, 10 P.3d 943 (2000); Leyva v-Grave-De-Peralta v. Blackletter, 232 Or. App. 441, 448 (2009).

Petitioner's prosecutorial misconduct claim was not properly before the Oregon appellate courts because it was not included in petitioner's PCR petition. Accordingly,

6 - FINDINGS AND RECOMMENDATION

petitioner's Ground Two was not "fairly presented" to the
Oregon Supreme court in a procedural context in which the
merits of the claim would be considered.

Petitioner alleges in Ground Five that his guilty plea
was invalid. Although the factual basis for the claim is not
clear, it apparently relates to petitioner's contention that
he was transferred to the custody of the Idaho Department of
Corrections ("IDOC") eighteen months after he was sentenced,
rather than immediately after his plea.

Petitioner alleged in his PCR petition that pursuant to
his plea, he was supposed to serve the first seven years of
his sentence in the custody of IDOC, with his Oregon sentence
running concurrently, but that he was still in ODOC custody.
Exhibit 105 at p. 2-4. He raised this issue both as an
ineffective assistance of counsel claim and a prosecutorial
misconduct claim. *Id*.    In his deposition, petitioner
testified that the reason he took the plea was so that he
could serve the first seven years of his sentence in Idaho.
Exhibit 118 p. 6-9.    At the time of his deposition,
petitioner was in ODOC custody and, according to him, it did
not appear that he would be sent to IDOC custody. *Id*.
Petitioner testified that he did not know whether the
prosecutor lied to him or his attorney was ineffective, but
the mistake "was not on him." *Id*. p. 8.

At his PCR trial, petitioner's counsel stated:

[PCR trial counsel]: In the second formal petition the issues that are in paragraphs 4-A and 5-B are most (sic)[3] because in June [of 2009] my client was in fact transferred to the Idaho State Correctional Institution in Boise. So he is now in Boise, and at the time he is serving in Boise ... is concurrent with his Oregon prison time. [H]e's serving ... [a] seven year prison sentence, and that seven years in Idaho is concurrent with the first seven years of his Oregon prison sentence.

The Court: And the best we know, he's going to serve his Idaho time in Idaho.

[PCR Trial Counsel] {A}s of now, yes. My understanding is ... He came here in June, and so ... he'll serve his Idaho time here, also the first seven years of his Oregon time here, and then he'll be shipped back to [finish] the rest of the sentence ... in Oregon.

The Court: Okay.

[PCR Trial Counsel]: It is also my understanding that the approximate first year of his prison sentence that he served in Oregon, it was also being concurrent with his Idaho time. So his Idaho time actually did start beginning when he was in ... Oregon.

Exhibit 119 p. 4.

Petitioner's counsel then informed the PR trial court that his claims on this issue were moot. *Id* p. 5. Petitioner did not raise the issue in his PCR appeal. *See*, Exhibits 121, 123. Thus, petitioner did not "fairly present" the claim alleged in Ground Five to Oregon's highest court.

---

[3]The PCR trial transcript reads "most." However, it is probable that counsel either mis-spoke or that "moot" was incorrectly transcribed as "most."

Petitioner's allegation that his PCR attorney "tricked [him] into withdrawing this claim during post-conviction telephone hearing," Petition (#2) p. 5, could be construed as an argument that ineffective assistance of PCR counsel constituted "cause" for his procedural default. However, petitioner has failed to offer any evidence that his invalid plea claim is "substantial or that his PCR attorney was ineffective for withdrawing it. See, Martinez v. Ryan, __U.S.__, 2012 WL 912950, *11 (Mar. 20, 2012). To the contrary, it appears from the record that PCR counsel correctly recognized that petitioner's claim was moot. Although it was delayed, petitioner eventually got the benefit of his bargain.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" the claims alleged in Grounds Two and Five to the Oregon courts.[4] Petitioner has not established cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the

---

[4]ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within 35 days from the date of the Court of Appeals's decision. See also, ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

exhaustion requirement.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

1.) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

Under the "contrary to" clause, a federal court may grant

10 - FINDINGS AND RECOMMENDATION

relief only if the state court either (1) applied a rule that
contradicts the governing law set forth in Supreme Court
cases, or (2) confronted a set of facts that was materially
indistinguishable from a Supreme Court decision but
nonetheless arrived at a different result. Williams, 529 U.S.
at 406.

Under the "unreasonable application" clause, a federal
court may grant relief only if the state court identified the
correct governing principle from the Supreme Court but
unreasonably applied that principle to the facts of the
petitioner's case. Williams 529 U.S. at 413.   This clause
"requires the state court decision to be more than incorrect
or erroneous." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).
Rather, the "state court's application of clearly established
law must be objectively unreasonable." Id.  It is not "an
unreasonable application of clearly established Federal law"
for a state court to decline to apply a specific legal rule
that has not been squarely established by the Supreme Court.
Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Finally, under 28 U.S.C. § 2254(d)(2), "[f]actual
determinations by a state court are presumed to be correct
absent clear and convincing evidence to the contrary." Miller
-el v. Cockrell, 537 U.S. 322, 340 (2003).   The AEDPA thus
sets out a "highly deferential standard for evaluating state

11 - FINDINGS AND RECOMMENDATION

court rulings," which requires that state court decisions be given the benefit of the doubt. <u>Woodford v. Visciotti</u>, 537 U.S. 19 (2003) (per curiam), quoting <u>Lindh v. Murphey</u>, 521 U.S. 320, 333 n. 7 (1997). This is true even if the state court did not fully articulate their reasoning. <u>Delgado v. Lewis</u>, 223 F. 3rd 976, 982 (9th Cir. 2000) ("federal habeas review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law.").

"[I]t is past question that the rule set forth in <u>Strickland</u>, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Williams v Taylor</u>, <u>supra</u> at 391. Under <u>Williams</u>, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Under <u>Strickland</u>, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. <u>Id</u>. at

687.

The first prong of the <u>Strickland</u> test required the
petitioner to demonstrate that "counsel's representation fell
below an objective standard of reasonableness. <u>Strickland</u>,
<u>supra</u> at 688. The second component of the test requires the
petitioner to demonstrate that "there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different." <u>Id</u>., at
694. A "reasonable probability" is one that is sufficient to
undermine confidence in the outcome." <u>Id</u>.

In order to satisfy the prejudice requirement in the
context of a plea agreement, the petitioner must demonstrate
that there is a "reasonable probability that, but for
counsel's errors, he would have not pleaded guilty and would
have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S.
52, 58-59 (1985). In plea agreement cases, the "resolution of
the 'prejudice' inquiry will depend largely on whether [an]
affirmative defense likely would have succeeded at trial. <u>Id</u>.
at 59.

In <u>Bell v. Cone</u>, 535 U.S. 685 (2002), the Court
reiterated that when considering ineffective assistance of
counsel claims:

> [J]udicial scrutiny of a counsel's performance must
> be highly deferential and that every effort [must]
> be made to eliminate the distorting effects of
> hindsight, to reconstruct the circumstances of

> counsel's challenged conduct, and to evaluate the
> conduct from counsel's perspective at the time.
> Thus, even when a court is presented with an
> ineffective-assistance claim not subject to
> §2254(d)(1) deference, a defendant must overcome the
> presumption that, under the circumstances, the
> challenged action might be considered sound trial
> strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

Petitioner alleges in Ground One that his trial counsel was ineffective for not advising him that the "state had no factual basis for a kidnap II charge." Petition (#2) p. 2. (citing State v. Wolleat,338 Or. 469, 111 P.3d 1131 (2005)).

Petitioner alleges in Ground Three that the prosecutor improperly "let the victim and the victim's family become party to the plea agreement. Id. p. 3. (citing State v. McDonnell, 310 Or 98, 794 P.2d 780 (1990)).

Petitioner alleges in Ground Four that his attorney was ineffective for not objecting to the imposition of consecutive sentences. Id. p. 4.

Grounds One, Three and Four were raised in Petitioner's 2nd Amended Formal Petition for Post-Conviction Relief. See

14 - FINDINGS AND RECOMMENDATION

Exhibit 105 p. 4-5, and were briefed in the parties trial
memoranda.   Exhibits 106 and 110.

At the conclusion of petitioner PCR trial the judge made
the following findings:

> THE COURT: As I indicated, I've read everything
> that's been submitted.  I've read the whole file.
> There are no grounds for post-conviction relief
> here.   I an denying post-conviction relief. The
> sentence is legal.  Any objection would have been
> pretty useless.   And there is sufficient facts
> based on the victim's statement and the police
> investigation to have a good reason to believe that
> the State could prove under this set of facts the
> kidnaping charge.   It is unfortunate, and I - I
> concede it's unfortunate that Mr. Vitale was not
> transported sooner to Idaho.  Although I would also
> just have to remark as an aside to the attorneys,
> the fact that this sentence in Oregon was run
> concurrently to a sentence that hadn't been imposed
> in Idaho means that truthfully this deal is better
> than the lawyers had the right to make because
> there was no way that could've been done or
> should've been done (sic), but it worked.  So the
> deal turned out to be better than - than Mr. Vitale
> could've expected, and he didn't have to take his
> changes of a consecutive sentence by that move to
> Idaho. (Sic) Obviously that's the place he wants to
> be, and that's the place where his family is.  But
> there are no grounds for post-conviction relief.
> There is insufficient evidence of any of the other
> claims.

Exhibit 119, PCR Trial Transcript p. 18.

A general Judgment as follows was entered: "The Petiton
for Writ of Habeas Corpus Relief is denied based upon the
following findings and conclusions: Pet drops allegations 4A
-5B (Pet now in Idaho serving 7 year sent concurr. To his
Oregon time). Sentence is legal.  Insufficient evidence on all

15 - FINDINGS AND RECOMMENDATION

other claims." (Sic) Exhibit 120.

For the reasons set forth below, I find that the PCR court decision is not contrary to or an unreasonable application of *Strickland* or any other clearly established federal law. Moreover, the state court findings are supported by the record before the court and correct on the merits.

Petitioner has not filed a supporting brief or offered any evidence or argument in support of his claims in this proceeding. However, petitioner argued on PCR appeal that *Wolleat* held that "moving a person from one room to another during the commission of a crime does not violate [their] personal liberties, therefore does not constitute kidnap[ping]." Exhibit 121, Section B, Assignment of Error 6.

Petitioner misconstrues the holding in *Wolleat*. The Oregon Supreme Court explained in State v. Mejia, 348 Or. 1, 10 (2010) that:

> *Wolleat* and [*state v. Zweigart*, 344 Or. 619 (2008), involved situations in which the actual physical movement of the victim was the *only* evidence available to prove whether the defendants intended to kidnap the victims by substantially interfering with their personal liberty. Those cases demonstrate that, when the only evidence of a defendant's intent is physical movement of the victim, a reasonable juror may only infer intent to interfere substantially with a victim's freedom of movement if there is 'evidence that the defendant moved the victim a substantial distance. *Zweigart*, 344 Or. At 636.

In petitioner's case  it was apparent that the state

could offer evidence beyond merely moving the victim from one
room to another. There was evidence that petitioner and his
accomplice had tied the victim up, and had locked her in a
room from which she could not escape until 10 minutes after
the perpetrators were gone. Exhibit 113, p. 11-13.

Petitioner's counsel reviewed this evidence with
petitioner. Exhibit 11, 6 p. 2. Counsel did not believe it
would be accurate to tell petitioner that he could not be
convicted of Kidnapping. *Id.* Counsel's opinion in this regard
is supported by the PCR court finding that there was
sufficient evidence to support the kidnapping charge, and is
*not* contradicted by the court's holding in *Wolleat.*
Therefore, trial counsel was not constitutionally ineffective
for failing to advise petitioner he could not be convicted of
kidnapping. To the contrary, such advice would have been
incorrect.

In addition, petitioner has not offfered any evidence to
support a conclusion that but for his attorney's advice
regarding kidnapping charge that he would have not pleaded
guilty and would have insisted on going to trial, or any
evidence of an affirmative defense that likely would have
succeeded at trial. Therefore, petitioner has failed to
satisfy the second (prejudice) prong of *Strickland.*

Trial counsel was not ineffective for failing to object

17 - FINDINGS AND RECOMMENDATION

to the imposition of consecutive sentences because petitioner *stipulated* to consecutive sentences. Therefore, counsel's failure to object to the imposition of consecutive sentences could not be considered as falling below an objective standard of reasonableness.

Moreover, the PCR court found that petitioner's sentence was legal and that "[a]ny objection would've been pretty useless." Exhibit 120 p. 18. This state-law finding is dispositive of petitioner's claim and binding on this court. *See*, Mendez v. Small, 298 F.3d 1158 (9th Cir. 2002) (state courts have "the last word on interpretation of state law."). Thus, petitioner has failed to establish the second (prejudice) prong of *Strickland.*

Petitioner has failed to offer any evidence of his allegation that the prosecutor allowed the victim and the victim's family to become a "party to the plea agreement." The prosecutor testified that the plea negotiations were based on his assessment of the merits of the case, and although he kept the victim apprised, her opinion did not control the negotiations. Exhibit 115, Affidavit of Daniel Norris. The prosecutor informed the victim of what he thought the resolution of the case should be, and she agreed with him. *Id.*

In addition, even if petitioner could allege evidence of arguably improper victim input into the plea process under

*State v McDonnell,* *State v. McDonnell* is not clearly established federal law. Therefore, the state court decision denying relief on this claim is entitled to deference by this court.

Based on all of the foregoing, I find that petitioner Grounds Two and Five were not fairly presented to Oregon's highest court and are procedurally defaulted. Petitioner has not established cause and prejudice for the procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Petitioner's Grounds One, Three and Four were denied in state court decisions that are entitled to deference by this court and are supported by the record and correct on the merits.

Petitioner's Petition (#1) and Amended Petition (#13) should be denied. Petitioner's Motion for appointment of counsel (#30) should be denied as moot. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written

objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this **10th** day of July, 2012.

_____
Thomas M. Coffin
United States Magistrate Judge